## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HARTFORD LIFE and ACCIDENT INSURANCE COMPANY <br> One Hartford Plaza <br> Mail Stop HO-1-06 <br> Hartford, CT 06155 <br>        Plaintiff, <br><br> vs. <br><br> Ericka Kuite <br> 2452 North 168th Avenue <br> Holland, MI 49424 <br><br> and <br><br> Lydia Turner Soto, as Guardian for S. T., a minor <br> 11759 Dewy Drive <br> Holland, MI 49424 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : CASE NO. : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT IN INTERPLEADER

Plaintiff Hartford Life and Accident Insurance Company ("Hartford"), through its undersigned counsel, brings this action in interpleader against Defendants Ericka Kuite and Lydia Turner Soto, as Guardian for S. T. (collectively the "Defendants"), as follows:

## NATURE OF CASE

1. This interpleader action is brought to resolve the potentially competing claims of the Defendants for proceeds of a life insurance policy providing benefits on the life of Benjamin Turner ("Decedent"), now deceased.

## JURISDICTION AND VENUE

2. Original jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22(a)(1), as this is an action in interpleader between two or more adverse claimants of diverse citizenship for the proceeds of an insurance policy of an amount greater than $500.00, and because the insurance policy at issue is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

3. Venue is laid in this District pursuant to 28 U.S.C. § 1397 (the district where one or more of the claimants reside) and 28 U.S.C. §1391.

## PARTIES

4. Hartford is a Connecticut insurance company with its principal place of business at One Hartford Plaza, Mail Stop HO-1-06, Hartford CT 06155.

5. On information and belief, Decedent was an adult individual who resided at 3401 128th Avenue, Holland Township, Michigan 49424.

6. On information and belief, Defendant Ericka Kuite is an adult individual residing at 2452 North 168th Avenue, Holland, MI 49424 and is the mother of three of Decedent's children.

7. On information and belief, Defendant Lydia Turner Soto is an adult individual who resides with S. T. at 11759 Dewy Drive, Holland, MI 49424 and is the Guardian of S. T.

## FACTUAL BACKGROUND

8. Decedent was a participant in an ERISA-qualified employee welfare benefit plan ("Plan") sponsored by Magna International of America, Inc. ("Magna"). Life insurance benefits available to Plan participants were funded by an insurance policy issued by

Hartford to Magna and identified as Policy No. GL- 675847(the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit A.

### The Judgment of Divorce Between Decedent and Lydia Turner Soto

9. Decedent had previously been married to Lydia Turner Soto and is the father of S. T.

10. On March 29, 2015, the 20th Circuit Court for the County of Ottawa, Michigan, entered a Judgment of Divorce in the matter captioned as *Lydia Turner v. Benjamin Turner*, Case No. 12-72247-DM.  True and correct copies of the Judgment of Divorce and related child support papers are attached as Exhibit B.

11. The Judgment required, *inter alia*, that "Each party will carry a policy of life insurance naming the minor child as the beneficiary in an amount sufficient to cover the parent's child support obligation in the event that parent dies while the child is eligible to receive child support." Exhibit B ¶ 6.

12. The Judgment also required that the "parties shall each have a life insurance policy naming the minor child, S. T., as a beneficiary."  Exhibit B ¶ 11.

### The Policy and Decedent's Beneficiary Designations

13. Under the Policy, Decedent was covered for basic life insurance benefits in the amount of One Hundred Forty-Seven Thousand Dollars ($147,000.00) and supplemental life insurance benefits in the amount of Two Hundred Twenty Thousand Dollars ($220,000.00) for a total amount of Three Hundred Sixty Seven Thousand Dollars ($367,000.00).

14. In 2019, Decedent completed a Beneficiary Designation Form in which he designated Erica Kuite to receive "100%" of his life insurance benefits.  A copy of that form is attached as Exhibit C.

15. Decedent subsequently listed S. T. and three of his other children as secondary beneficiaries. Magna sent this paperwork to Hartford explain as follows:

> The first email I sent which the attached Beneficiary was [Decendent's] new hire paperwork in 2019 and that only had Ericka on it. I'm attaching that again.
>
> Then we went to a new system in 2021 and the beneficiaries did not get transferred over (system glitch) so we contacted employees to get that done again, so I showed the most recent change below for Open Enrollment 2023 of this year where I actually see the kids as secondary. On his original attached, it is only Ericka.
>
> Once a person elects Optional Life options, they are not required to update them every year.

Copies of the June 5, 2023 email from Magna and the beneficiary designation form including the secondary beneficiaries are attached as Exhibit D.

16. Based upon information provided by Defendants, on information and belief, Decedent did not have any other life insurance policy in which S. T. is named as a beneficiary.

**Defendants Assert Competing Claims For the Life Insurance Benefits**

17. Defendant Ericka Kuite has asserted that she is entitled to receive the benefits at issue pursuant to the beneficiary designation. A copy of correspondence from counsel for Ericka Kuite is attached as Exhibit E.

18. Defendant Lydia Turner Soto, in her role as Guardian of S. T., has asserted claims that the beneficiary designation is invalid pursuant to the terms of the Judgment of Divorce and that S. T., rather than Ericka Kuite, is entitled to receive the benefits at issue and provided the Judgment of Divorce to Hartford in support of that claim. *See* Exhibit B.

19. On August 10, 2023, a Hartford representative communicated with Defendant Lydia Turner Soto and explained that while "the divorce decree alone is not sufficient

for [Hartford] to change the beneficiary designation directly" it would provide "a basis for interpleading" the benefits at issue. Prior to taking that step, however, Hartford

> wanted to confirm if [Ms. Turner Soto] had any contact with [Ms. Kuite], and if so, if you have discussed if there is any willingness to work out the allocation of benefits outside of taking the case to interpleading. If you've not had any contact with them, or there is no willingness to work things out without taking this to interpleading, let me know so I can inform our legal team and let them move forward on that end.

(A copy of this email communication is attached as Exhibit F.

20. Ms. Turner Soto replied, "Please move forward with next steps." *Id*.

21. The Policy provides as follows:

**Claims to be Paid:** *To whom will benefits for my claim be paid?* Life Insurance Benefits and benefits for loss of life under the Accidental Death and Dismemberment Benefits will be paid in accordance with the life insurance Beneficiary Designation.

If no beneficiary is named, or if no named beneficiary survives You, We may, at Our option, pay:

1) the executors or administrators of Your estate; or
2) all to Your surviving Spouse; or
3) if Your Spouse does not survive You, in equal shares to Your surviving Children; or
4) if no child survives You, in equal shares to Your surviving parents.

In addition, We may, at Our option, pay a portion of Your Life Insurance Benefit up to $2,000 to any person equitably entitled to payment because of expenses from Your burial. Payment to any person, as shown above, will release Us from liability for the amount paid.

If any beneficiary is a minor, We may pay his or her share, until a legal guardian of the minor's estate is appointed, to a person who at Our option and in Our opinion is providing financial support and maintenance for the minor. We will pay:
1) $200 at Your death; and
2) monthly installments of not more than $200.

Payment to any person as shown above will release Us from all further liability for the amount paid.

> We will pay the Life Insurance Benefit at Your Dependents' death to You, if living. Otherwise, it will be paid, at Our option, to Your surviving Spouse or the executor or administrator of Your estate.
>
> If benefits are payable and meet Our guidelines, then We may pay benefits into a draft book account (checking account) which will be owned by:
> 1) You, if living; or
> 2) Your beneficiary, in the event of Your death.
>
> The account owner may elect a lump sum payment by writing a check for the full amount in the account. However, an account will not be established for a benefit payable to Your estate.
>
> We will make any payments, other than for loss of life, to You. We may make any such payments owed at Your death to Your estate. If any payment is owed to:
> 1) Your estate;
> 2) a person who is a minor; or
> 3) a person who is not legally competent,
>
> then We may pay up to $1,000 to a person who is related to You and who, at Our sole discretion, is entitled to it. Any such payment shall fulfill Our responsibility for the amount paid.

*See* Exhibit A, at 57-58.

22. Defendants have been unable to come to an agreement as to the distribution of the life insurance proceeds.

23. Hartford believes, and therefore avers, that benefits are due and owing under the Policy but, due to the multiple parties claiming entitlement to the benefits of the Policy, Hartford is unable to determine to whom the benefits should be paid.

24. The total value of the life insurance benefits at issue Three Hundred Sixty-Seven Thousand Dollars ($367,000.00), plus applicable interests.

## **COUNT I - INTERPLEADER**

25. Hartford incorporates the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26. Each of the Defendants is claiming or may in the future claim to be entitled to benefits due under the Policy.

27. Hartford is prepared to file a Motion for Leave to Deposit Funds and submit a check in the amount of Three Hundred Sixty-Seven Thousand Dollars ($367,000.00), plus any applicable accrued interest into the Registry of this Court.

28. Hartford intends to interplead the funds into this Court to await its judgment with respect to the subject matter of this controversy.

WHEREFORE, Hartford Life and Accident Insurance Company demands judgment pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22(a)(1) as follows:

1. Restraining the Defendants by Order and Injunction of this Court from instituting or pursing any action against Hartford for the recovery of life insurance proceeds under the Policy;

2. Requiring the Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject life insurance benefits in this action;

3. Enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the life insurance benefits involved in this interpleader action;

4. Requiring that Defendants settle and determine between themselves, or upon their failure to do so, this Court settle and adjudge the claims and determine to whom the life insurance benefits should be paid;

5. Discharging with prejudice Hartford from any further liability upon payment of the aforementioned total benefits into the Clerk of this Court or as otherwise directed by this Court;

      6.      Awarding Hartford its costs and attorney's fees;

      7.      Awarding Hartford any other and further relief that this Court deems just and proper.

October 6, 2023

                                      *s/ Brian P. Downey*
Brian P. Downey
TROUTMAN PEPPER HAMILTON
SANDERS LLP
100 Market Street, Suite 200
Harrisburg, PA 17108-1181
Phone: 717.255.1155
*brian.downey@troutman.com*

Joshua L. Zeman
TROUTMAN PEPPER HAMILTON
SANDERS LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Phone: 248.359.7300
joshua.zeman@troutman.com

*Counsel for Plaintiff Hartford Life and Accident Insurance Company*